Eddie DONAHOU and Lavonne DONAHOU
*v.* Pearl FOREHAND, et al

CA 84-270                                      687 S.W.2d 864

Court of Appeals of Arkansas
Division I
Opinion delivered April 17, 1985

*Benjamin C. McMinn,* for appellant.

*Warner & Smith,* by: *P. K. Holmes, III,* for appellee
Thomas C. Mueller.

*Peel & Eddy,* by: *David L. Eddy,* for appellee Pearl Forehand.

JAMES R. COOPER, Judge. This case involves the ownership of one acre of wild and unimproved land. The appellant Eddie Donahou's uncle conveyed the subject land to Eddie Donahou's father and he also conveyed the same land to the appellee Mrs. Forehand's predecessor in interest. The appellant's uncle owned 15 acres in Pope County until he conveyed the acre to a Mr. and Mrs. Jones in 1947, but that deed was not recorded until 1982. Mr. and Mrs. Jones conveyed the acre to Mrs. Forehand and her husband in 1948 and they promptly recorded their deed. In 1956, the appellant's uncle conveyed three acres out of the remaining 14 acres to the City of Dover, and that deed was promptly recorded.

The conveyance from the appellant's uncle to his father took place in 1959, and the deed contained a description of the entire 15 acre tract, without excepting out either tract previously conveyed. Eddie Donahou's father died intestate in 1964, and over the next ten years the heirs worked out a series of conveyances which served to settle the estate. The other heirs conveyed their partial interests in the land to Eddie Donahou in 1975, and in 1982 Eddie purchased the three acres previously conveyed to the City of Dover. In the course of a title examination, the claim of Mrs. Forehand to the acre surfaced and then she recorded the deed from Eddie Donahou's uncle to the Joneses.

After hearing the appellant's suit to quiet title, the chancellor held that Mrs. Forehand had paid taxes on the acre for over seven years under color of title, that she had exclusively occupied the land since the conveyance from the Joneses, and she had not subsequently lost title to the tract by virtue of any actions of Eddie Donahou. The trial court also found that Eddie Donahou and his predecessors in title had not been in possession of the disputed land since the conveyance to the Joneses in 1947. We cannot say that the chancellor's findings were clearly erroneous or against the preponderance of the evidence, and therefore we affirm. ARCP, Rule 52(a).

The appellant's first argument is that the chancellor erred in finding that Eddie Donahou was not an innocent purchaser when he acquired the property from his father's other heirs. We agree with the chancellor on this point, but not for the reason stated by the chancellor. The chancellor stated that, at the time of Eddie Donahou's purchase there were sufficient facts available to give notice of Mrs. Forehand's claim of ownership. The significant purchase, in terms of the availability of notice, was not the purchase by Eddie Donahou in 1975, but the purchase by his father, N. C. Donahou, in 1959. N. C. Donahou's heirs could only inherit that interest which he had at the time of his death, *Rich, Ex'r v. Rosenthal*, 223 Ark. 791, 268 S.W.2d 884 (1954); *Hobbs v. Lenon*, 191 Ark. 509, 87 S.W.2d 6 (1935), and the exchange of deeds to settle his estate could not vest in them a more valid title or claim to the land than was possessed by the deceased. At the time of the conveyance from W. R. Donahou to N. C. Donahou, there was on record a deed conveying three acres to the City of Dover and the deed from the Joneses to the Forehands. The tax records indicated that the Forehands paid taxes on the subject tract for each year after their deed was recorded. Thus, in 1959, N. C. Donahou received a deed calling for 15 acres, yet, on the records of the tax assessor and recorder, four acres had already been conveyed.

Thus, the question presented is whether these facts constituted such notice to N. C. Donahou as to prevent him from being an innocent purchaser from his brother in 1959. The appellants argue that the notice was insufficient because the Forehand's grantor's deed was not recorded until 1982, thus making the deed from the Joneses to the Forehands a "wild deed". Although it is true that the deed would appear to be a wild one, in 1959 W. R. Donahou was still living, the Forehands had been paying taxes on the land for 11 years, and minimal effort to inquire as to the status of the one acre would have surely revealed the unrecorded deed from W. R. Donahou to the Joneses. See *Bowen v. Perryman*, 256 Ark. 174, 506 S.W.2d 543 (1974). Likewise, N. C. Donahou was clearly put on notice that he was not purchasing the entire 15 acres since three acres had been conveyed, and the deeds recorded, to the City of Dover. Thus, contrary to the appellants' position, N. C. Donahou had

actual notice of the conveyance to the Forehands from the Joneses; there were abundant facts available to demonstrate that the Forehands claimed ownership to the one acre, and the mere fact that the deed from their grantor's grantor was not recorded does not render the Jones to Forehand deed ineffective to give notice to N. C. Donahou.

The appellant finally argues that the chancellor erred in admitting into evidence certain letters which involved offers to compromise the suit. It was error to admit the letters into evidence under Rule 408 of the Uniform Rules of Evidence, but we find the error harmless. The chancellor clearly informed the parties that, since there was no jury, it did not matter whether the evidence was in the record or not since he would consider only relevant and competent evidence. The appellants have failed to demonstrate prejudicial error requiring reversal.

Affirmed.

CLONINGER and MAYFIELD, JJ., agree.